IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **ELLEN MARIE PRODOEHL,** | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
| **v.** | )   **CIVIL ACTION 07-0699-WS-B** |
| | ) |
| **JENNA LEIGH STRASSNER,** | ) |
| | ) |
|     **Defendant.** | ) |

**ORDER**

    This matter comes before the Court on Plaintiff's Motion to Stay Proceedings (doc. 19). The Motion reflects that plaintiff, Ellen Marie Prodoehl, is scheduled to undergo surgery for injuries sustained in the accident made the basis of this case on July 28, 2008. On that ground, plaintiff indicates that her treating physician's deposition "will need to be delayed until after the surgery" and therefore asks that these proceedings be stayed indefinitely pending plaintiff's surgery and recuperation.

    "The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706, 117 S.Ct. 1636, 137 L.Ed.2d 945 (1997); *see also Dominguez v. Hartford Financial Services Group, Inc.*, 530 F. Supp.2d 902, 905 (S.D. Tex. 2008) ("The stay of a pending matter is ordinarily within the trial court's wide discretion to control the course of litigation ...."); *Utah v. Eli Lilly and Co.*, 509 F. Supp.2d 1016, 1019 (D. Utah 2007) (recognizing discretion to stay pending proceedings to save time and effort for parties and the court). "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis v. North American Co.*, 299 U.S. 248, 254-55, 57 S.Ct. 163, 81 L.Ed. 153 (1936). Thus, in determining whether a stay is appropriate in a particular case, "the court, in its sound discretion, must assess and balance the nature and substantiality of the injustices claimed on either side." *Feld Entertainment, Inc. v. A.S.P.C.A.*, 523 F. Supp.2d 1, 3 (D.D.C. 2007) (citations omitted).

As postured, the Motion is both premature and overbroad.  The Rule 16(b) Scheduling Order (doc. 18) entered by Magistrate Judge Bivins on April 25, 2008 sets a discovery cutoff date of September 30, 2008, with a trial date of February 2009.  (Doc. 18, ¶¶ 2, 3.)  There is no indication in the Motion to Stay that the July 28 surgery date will in any respect preclude the parties from proceeding with the deposition of plaintiff's treating physician prior to the September 30 discovery deadline.  From plaintiff's filing, it is impossible to discern how long the projected recuperation period from that surgery might be or when plaintiff might reasonably be expected to reach maximum medical improvement.  Moreover, there is no indication that the parties are unable to complete trial preparations and merits discovery during the next two and a half months.  Finally, the extreme remedy of staying this action in its entirety appears wholly unnecessary.  A stay would stop this case dead in its tracks for an extended, indefinite period of time, even though there are apparently no impediments to the parties' ability to move forward with all other aspects of discovery and trial preparation, notwithstanding the pending surgery.  It appears that, at most, a continuance of selected pretrial and/or trial deadlines may be warranted under these circumstances.

For all of the foregoing reasons, the Motion to Stay Proceedings (doc. 19) is **denied**; provided, however, that plaintiff may renew her motion or file an appropriate motion to extend scheduling order deadlines upon a specific showing (a) that the deposition of plaintiff's treating physician cannot reasonably be completed prior to the September 30 discovery deadline, and (b) that the parties have undertaken diligent efforts to comply with all Scheduling Order deadlines.[1]

DONE and ORDERED this 8th day of July, 2008.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE

---

[1] In the interests of efficiency, judicial economy, and prompt resolution of disputes, the parties are reminded that the Scheduling Order specifically provides that requests to extend the discovery deadline "will be viewed with great disfavor and will not be considered except a upon a showing (1) that extraordinary circumstances require it and (2) that the parties have diligently pursued discovery."  (Doc. 18, ¶ 3.)